## SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Francisco Cortes (hereafter, "Plaintiff"), and Defendants Antioquena Dos Bakery Corp. and Rocio Rico (hereafter, "Defendants") (Plaintiff and Defendants referred to collectively hereafter as the "Parties") hereby agree upon this Settlement Agreement and Release ("Agreement") as a settlement of all issues involved herein as follows:

1. **No Admission of Liability.** The Parties hereto recognize and agree that Defendants, as a part of this Agreement between the Parties, do not admit any violation of law or any liability to Plaintiff or to anyone else as a result of or arising out of the matters set forth in the Complaint in *Francisco Cortes v. Antioquena Dos Bakery Corp., et al.*, Civil Action No. 16-cv-2740, filed in the United States District Court for the Eastern District of New York (the "Pending Action"), or matters which could have been raised in such suit, Plaintiff's employment relationship with Defendants, and/or the separation of employment with Defendants, or otherwise.

2. **Dismissal of Pending Action.** The Parties agree to submit this Agreement and the Stipulation and Order of Dismissal With Prejudice, attached hereto as Exhibit A, to effectuate a voluntary dismissal with prejudice of the Pending Action subject to the Court's approval of the settlement.

3. **Settlement of Claims.** In consideration for the promises and covenants set forth in this Agreement, Defendants shall pay or cause to be paid to Plaintiff the gross sum of Forty-Five Thousand Dollars ($45,000.00) inclusive of all attorneys' fees and costs (the "Settlement Sum") as follows:

    (a) Defendants shall issue payment of the Settlement Sum in ten monthly installments commencing on March 1, 2017. If the Court has not approved the

1

Agreement by March 1, 2017, Plaintiff's counsel will hold the settlement payment in escrow until the Agreement is approved.

(b) The Settlement Sum is payable as follows: (1) $29,073.00 payable to Francisco Cortes and (2) $15,927.00 payable to Pechman Law Group PLLC, as attorneys' fees and costs. The monthly payments shall be made in conformity with the schedule attached hereto as Exhibit B.

(c) Defendants will issue two checks each month: one to Plaintiff and one to Pechman Law Group PLLC for payment of attorneys' fees and costs pursuant to this Agreement. A Form 1099 will be issued to Plaintiff for the payment of the Settlement Sum that he receives. A Form 1099 will also be issued to Pechman Law Group PLLC for payment of attorneys' fees and costs pursuant to this Agreement. All payments of the Settlement Sum shall be paid by check and shall be mailed to: Pechman Law Group PLLC, 488 Madison Avenue, New York, NY 10022, Attn: Louis Pechman, Esq. on the first day of every month.

4. **Additional Payment in Event of Default**. If Defendants fail to make timely payment as provided in Paragraph Three (3), counsel for Plaintiff shall notify counsel for Defendants of any such breach by email (notice deemed completed upon emailing Christopher Carrion, Esq. at ccarrion@carrionlegal.com), after which time Defendants shall cure the default within seven (7) calendar days after receipt of said notice. In the event that Defendants fail to timely cure by 6 p.m. EST on the seventh day, or if any check tendered by Defendants is not negotiable for any reason, Plaintiff shall be entitled to enter a judgment by Affidavit of Confession of Judgment, annexed hereto as Exhibit C, without further notice against Defendants, jointly and severally in the United States District Court, Eastern District of New York, for the remaining balance plus Twenty-Two

Thousand Dollars ($22,000) less any partial payment(s) made, and shall have immediate execution therefore. Defendants shall be liable to the Plaintiff for his reasonable attorneys' fees incurred as a consequence of enforcing the terms of this Agreement, including the filing and enforcing the Affidavit of Confession of Judgment and the collection of monies due pursuant to the filed Affidavit of Confession of Judgment.

Defendants shall execute the Affidavit of Confession of Judgment, annexed hereto as Exhibit C, and return the original executed and notarized version to Plaintiff with this executed agreement. The original of the Affidavit of Confession of Judgment shall remain in escrow with Plaintiff's counsel. Upon satisfaction of the payment obligations set forth in this Agreement, the Affidavit of Confession of Judgment shall be deemed null and void and will be destroyed by Plaintiff's counsel with notice given to Defendants' counsel via email of said destruction.

5. **Release by Parties.**

**Plaintiff.** In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for the Defendants' obligations under this Agreement, Plaintiff hereby waives, releases, satisfies and discharges, on Plaintiff's own behalf and on behalf of anyone who could claim by and through Plaintiff (collectively, "Releasors"), Defendants of and from any and all claims for damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees and costs, for any claim brought, or that could have been brought under the Fair Labor Standards Act ("FLSA") and the New York Labor Law.

**Defendants.** Defendants release Plaintiff from any and all claims, charges, actions and causes of action of any kind or nature that Defendants once had or now have arising out of Plaintiff's employment with Defendants, and whether such claims are now known or unknown to Defendants from the beginning of the world to the date of this Agreement, including Counterclaims.

6. **Mutual Non-Disparagement.** Plaintiff agrees not to make any derogatory, disparaging, defamatory or untruthful statement about Defendants or any of the Releasors, whether by electronic, written or oral means, to any person (including, but not limited to, the press or other media, or on social media websites), except that the Parties agree that Plaintiff may make truthful statements about his experience working at Antioqueña Dos Bakery and litigating and settling the Action.

Releasors agree that they shall not, directly or indirectly, in public or in private, deprecate, impugn, disparage, or make any remarks that would or could be construed to defame Plaintiff. Should Releasors or their agents, successors or assigns, be contacted regarding an employment reference for Plaintiff, Releasors shall provide a neutral reference, confirming dates of employment, last wage rate, and job title, and shall not disclose the existence of the Action. If Releasors are specifically asked about the Action as part of a request for an employment reference, Releasors will state solely that the matter has been resolved.

In the event that the Court deems this Paragraph Six (6) to be unenforceable, the Parties agree that the Court, in its discretion, may strike this Paragraph without opposition by the parties, and that all other terms of this Agreement will remain in full force and effect.

7. **Notification.** Notification of any event to Defendants required under this Agreement shall be deemed provided if sent in writing by email or by facsimile, as is required by this Agreement, addressed as follows: Christopher Carrion, Esq., Carrion Law Group, P.C., facsimile: (212) 858-9086, email: ccarrion@carrionlegal.com or to Plaintiff, addressed as follows: Louis Pechman, Pechman Law Group PLLC, facsimile: (212) 308-8582, email: pechman@pechmanlaw.com.

8. **Governing Law.** This Agreement is to be construed and governed under the laws of the State of New York, without regard to choice of law or conflict of law considerations, and shall bind the Parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding.

9. **Attorneys' Fees and Costs.** It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Pending Action, except as otherwise specifically enumerated above.

10. **Voluntary Settlement**. Plaintiff and Defendants hereby represent and warrant that they have entered into this Agreement of their own free will and accord.

11. **Venue.** The Parties hereto acknowledge that this Agreement is enforceable only in the federal and state courts of New York. Plaintiff and Defendants hereby waive any pleas of improper jurisdiction or venue in the United States District Court for the Eastern District of New York, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in the United States District Court for the Eastern District of New York.

12. **No Other Representations or Agreements**. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

13. **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement.

14. **Prevailing Party Fees**. In the event of any litigation to enforce or regarding a breach of the terms of this Agreement, the prevailing party shall be entitled to receive from the other reasonable attorneys' fees and costs.

15. **Execution In Counterpart**. This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

16. The Parties understand, represent, and agree that they:

    (A) Have carefully read and fully understand all of the provisions of this Agreement;

    (B) Knowingly and voluntarily agree to all of the terms set forth in this Agreement;

    (C) Knowingly and voluntarily intend to be legally bound by this Agreement;

    (D) Were advised to consider the terms of this Agreement with counsel, and have consulted with counsel prior to executing this Agreement; and

    (E) Are duly authorized and have full authority to execute this Agreement.

PLAINTIFF:

_____
Francisco Cortes

Dated: 2/11/17

DEFENDANTS:

_____
Antioquena Dos Bakery Corp.

Dated:_____

_____
Rocio Rico

Dated:_____

| PLAINTIFF: | DEFENDANTS: |
|---|---|
| _____ | _____ |
| Francisco Cortes | Antioquena Dos Bakery Corp. |
| Dated:_____ | Dated:_____ |
| | _____ |
| | Rocio Rico |
| | Dated: 2/10/2017 |

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FRANCISCO CORTES,                                :
                                                 :
                          Plaintiff,             :
                                                 :
            -against-                            :        16 Civ. 2740 (WFK)(VMS)
                                                 :
ANTIOQUENA DOS BAKERY CORP. d/b/a                :
LA ANTIOQUEÑA BAKERY II and ROCIO RICO,          :
                                                 :
                          Defendants.            :
------------------------------------------------------------------X

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on May 31, 2016, Plaintiff filed a Complaint, which asserted claims for, *inter alia*, unpaid overtime wages, and statutory damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law;

**WHEREAS,** the Parties reached a settlement of this action and Plaintiff's claims through arms-length negotiations and have entered into a Settlement Agreement (the "Agreement"), formally memorializing the Parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the Fair Labor Standards Act and/or time worked; and

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

1

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

| PECHMAN LAW GROUP PLLC | CARRION LAW GROUP, P.C. |
|---|---|
| By: _____ <br> Louis Pechman, Esq. <br> Laura Rodriguez, Esq. <br> 488 Madison Avenue <br> New York, NY 10022 <br> (212) 583-9500 <br> *Attorneys for Plaintiff* | By: _____ <br> Christopher Carrion, Esq. <br> One World Trade Center <br> Suite 8500 <br> New York, NY 10007 <br> (212) 858-9026 <br> *Attorneys for Defendants* |
| Dated: New York, New York <br> ~~January~~ 16, 2017 <br> Feb. | Dated: New York, New York <br><br> 02/15/2017 |

SO ORDERED:

_____
Honorable Vera M. Scanlon
United States Magistrate Judge

Dated:  New York, New York
       _____, 2017

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FRANCISCO CORTES,

                Plaintiff,

    -against-                               16 Civ. 2740 (WFK)(VMS)

ANTIOQUENA DOS BAKERY CORP. d/b/a
LA ANTIOQUEÑA BAKERY II and ROCIO RICO,

                Defendants.
-----------------------------------------------------------------------X

## PAYMENT SCHEDULE

|  | Total due to Francisco Cortes | Total due to Pechman Law Group PLLC |
|---|---|---|
| **March 1, 2017** or upon Court approval of the Settlement | $12,921.33 | $7,078.67 |
| April 1, 2017 | $1,794.63 | $983.15 |
| May 1, 2017 | $1,794.63 | $983.15 |
| June 1, 2017 | $1,794.63 | $983.15 |
| July 1, 2017 | $1,794.63 | $983.15 |
| Aug. 1, 2017 | $1,794.63 | $983.15 |
| Sept. 1, 2017 | $1,794.63 | $983.15 |
| Oct. 1, 2017 | $1,794.63 | $983.15 |
| Nov. 1, 2017 | $1,794.63 | $983.15 |
| Dec. 1, 2017 | $1,794.63 | $983.15 |

1